UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARRY C. McANARNEY, as he is EXECUTIVE DIRECTOR, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LABORERS' ANNUITY FUND; JAMES V. MERLONI, JR., as he is ADMINISTRATOR, NEW ENGLAND LABORERS' TRAINING TRUST FUND; and JOSEPH BONFIGLIO, as he is TRUSTEE, MASSACHUSETTS LABORERS' LEGAL SERVICES FUND,<br>　　　　　　Plaintiffs,<br><br>vs.<br><br>TESTA CORP.,<br>　　　　　　Defendant,<br><br>and<br><br>PEOPLE'S UNITED BANK,<br>　　　　　　Trustee. | C.A. No. |

## VERIFIED COMPLAINT

## NATURE OF ACTION

1.　　This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligations to make contributions and pay interest due to the plans under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2.  The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.  Plaintiff Barry C. McAnarney is the Executive Director of the Massachusetts Laborers' Health and Welfare Fund. The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). It provides health, dental and prescription benefits and life insurance, accident insurance, and accident and sickness benefits to participants. The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

4.  Plaintiff Barry C. McAnarney is also the Executive Director of the Massachusetts Laborers' Pension Fund. The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). It provides participants with a defined pension benefit. The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

5.  Plaintiff Barry C. McAnarney is also the Executive Director of the Massachusetts Laborers' Annuity Fund. The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). This Fund is a defined contribution fund. The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

6.  Plaintiff James V. Merloni, Jr. is the Administrator of the New England Laborers' Training Trust Fund. The New England Laborers' Training Trust Fund is an "employee welfare

benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). This Fund trains apprentices and journey workers in the construction industry. The Fund is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

7.     Plaintiff Joseph Bonfiglio is a Trustee of the Massachusetts Laborers' Legal Services Fund. The Massachusetts Laborers' Legal Services Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

8.     The Health and Welfare, Pension, Annuity, Training and Legal Services Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds." The Funds are third party beneficiaries of the collective bargaining agreement between Defendant Testa Corp. ("Testa") and the Massachusetts Laborers' District Council ("Union").

9.     Defendant Testa is a Massachusetts corporation with a principal place of business at 360 Audubon Road, Wakefield, Massachusetts. Testa is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

10.    On information and belief, People's United Bank is a banking institution holding assets of Testa.

## GENERAL ALLEGATIONS OF FACT

11.    On or about April 1, 1993, MRP Site Development, Inc. (now known as Testa Corp.) agreed in writing to be bound to the terms of the Wrecking Agreement Acceptance of Agreement(s) and Declarations of Trust establishing Plaintiff Funds, to the terms of collective

bargaining agreements requiring contributions to Plaintiff Funds, and to any successor agreements. A true and accurate copy of the signed Acceptance of Agreement(s) and Declarations of Trust ("Acceptance of Agreements") to which Testa is bound is attached hereto as Exhibit A.

12. Because of the Acceptance of Agreements, Testa is party to the Massachusetts State-Wide Wrecking and Environmental Remediation Agreement between the Union in behalf of the Building Wreckers' Local Union 1421 and the Massachusetts Building Wreckers' and Environmental Remediation Specialists Association, Inc. (the "CBA"). A copy of the relevant pages of the 2008 - 2012 CBA is attached hereto as Exhibit B. That agreement remains in effect pending final negotiations over a new contract.

13. The CBA requires employers to remit contributions to each of the Plaintiff Funds for each hour worked by covered employees at rates prescribed therein. See Ex. B, pp. 14-18.

14. The CBA also requires employers to remit contributions to the New England Laborers' Health and Safety Fund, the New England Laborers' Labor-Management Cooperation Trust Fund, the Massachusetts Demolition Industry Advancement Program and the Massachusetts Laborers' Unified Trust for each hour worked by covered employees at prescribed rates. Further, it specifies that dues and contributions to the Laborers' Political League ("LPL") shall be deducted from the pay of each employee and forwarded to the Funds. Id. at 18-21. The Funds and the Union have an agreement which allows the Funds to collect the dues on behalf of the Union.

15. All employers that are delinquent in the payment of contributions are charged interest on the delinquency at the rate of 10 percent per annum, liquidated damages in the

amount of 20 percent of the delinquency, and reasonable attorneys' fees and costs of the action to collect the delinquency. See Ex. B, pp. 24-25.

16. Signatory contractors such as Testa are obligated to submit remittance reports on a monthly basis, on which they list the hours worked by their employees and calculate the amount of contributions due the Funds for all work performed by their employees in a given month. They are also required to submit to periodic audits of their payroll related records.

17. On or about May 24, 2013, the Funds audited Testa's records and determined that Testa owes $141,246.00 in contributions for the period March and April, 2013. Testa has advised the Funds that it also owes $55,062.00 for May and $70,395.00 for June, 2013 for a total audited and unaudited contribution liability through June, 2013 of $266,703.00. Testa also owes $18,519.77 in interest for late paid contributions and an as yet unliquidated liability for work performed in July, 2013.

18. These contributions and interest remain due and owing.

## COUNT I – VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

19. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 18 above.

20. The failure of Testa to make payment of all contributions owed to Plaintiff Funds on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145.

21. Absent an order from this Court, Testa will continue to ignore its obligations to remit the contributions it owes to the Funds, as a result of which the Funds and their participants will be irreparably damaged.

22. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT - DELINQUENT CONTRIBUTIONS, INTEREST, AND DUES

23. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 22 above.

24. The CBA is a contract within the meaning of §301 of the LMRA, 29 U.S.C. §185.

25. The failure of Testa to pay the contributions it continues to owe for the period March, 2013 to the present, to remit the deducted dues and to pay the interest on late-paid contributions violates the terms of the CBA.

**WHEREFORE**, Plaintiffs request this Court grant the following relief:

a. Order the attachment by trustee process of the bank accounts of Testa held by People's United Bank;

b. Order the attachment of the machinery, inventory and accounts receivable of Testa;

c. Enter a preliminary and permanent injunction enjoining Testa from refusing or failing to pay contributions owed to the Funds;

d. Enter a judgment in favor of the Funds on Count I in the amount of all contributions due from March, 2013 to the date of the judgment, plus any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action, together with interest on the unpaid contributions at 10 percent per annum, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest

owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

  e. Enter judgment in favor of the Funds on Count II for the amount of $285,222.77, representing the $266,703.00 in contributions and dues owed from March through June, 2013 and $18,519.77 in interest on late-paid contributions, plus any additional amounts determined by the Court to be owed to the Funds or which may become due during the pendency of this action; and

  f. Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

BARRY C. McANARNEY, as he is
EXECUTIVE DIRECTOR,
MASSACHUSETTS LABORERS'
HEALTH AND WELFARE FUND, *et al.*,

By their attorneys,

/s/ Anne R. Sills
_____
Anne R. Sills, Esquire
BBO #546576
Alexander Sugerman-Brozan, Esquire
BBO #650980
Segal Roitman, LLP
111 Devonshire Street, 5th Floor
Boston, MA 02109
(617) 742-0208, Ext. 232
asills@segalroitman.com

Dated: August 21, 2013

## VERIFICATION

I, Barry C. McAnarney, Executive Director for the Massachusetts Laborers' Health and Welfare, Pension, and Annuity Funds, verify that I have read the above Verified Complaint, and the factual allegations set forth therein are true and accurate based on my personal knowledge,

except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 20TH DAY OF AUGUST, 2013.

_____
Barry C. McAnarney

ARS/ars&ts
6306 13-293/complt.doc